UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KANA ENERGY SERVICES, INC., § <br> § <br> *Plaintiff*, § <br> § <br> VS. § <br> § <br> JIANGSU JINSHI MACHINERY § <br> GROUP CO. LTD., JMP PETROLEUM § <br> TECHNOLOGIES, INC., HELIOS OIL § <br> & GAS EQUIPMENT LLC, JIANGSU § <br> JINJIA DRILLING & PRODUCTION § <br> EQUIPMENT CO., LTD., § <br> JIANGSU JINSHI TECHNOLOGY § <br> CO., LTD., JIANGSU JINSHI § <br> CASTING & FORGING CO., LTD.,, § <br> XINJIANG JMP DRILLING § <br> EQUIPMENT CO., LTD., JIANGSU § <br> JINSHI FUYUAN MACHINERY CO., § <br> LTD., JIANGSU JINSHI VALVE CO., § <br> LTD., JINHU JINGYUE § <br> MACHINERY CO., LTD., § <br> SHANGHAI JMP DRILLING § <br> EQUIPMENT CO, LTD., KANA § <br> KUNSHAN PETROLEUM § <br> MACHINERY CO, LTD., § <br> § <br> *Defendants*. | Civil Action _____ |

**NOTICE OF REMOVAL OF ACTION**

**TO THE UNITED STATES DISTRICT COURT:**

**PLEASE TAKE NOTICE** that Defendant Jiangsu Jinshi Machinery Group Co. Ltd. ("Defendant"), removes this state-court action under 9 U.S.C § 205. The action relates

to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").

## I. THE PARTIES

### A. Plaintiff.

Plaintiff Kana Energy Services, Inc., ("Kana") is a Texas corporation doing business in Harris County, Texas.

### B. Defendants.

Defendant Jiangsu Jinshi Machinery Group Co. Ltd., ("JMP") is a non-resident Chinese corporation.

Defendant JMP Petroleum Technologies Inc., ("JMP Petroleum") is a Texas corporation doing business in Harris and Montgomery Counties.

Defendant Helios Oil & Gas Equipment LLC, is a Texas corporation doing business in Harris and Montgomery Counties.

Jiangsu Jinjia Drilling & Production Equipment Co., Ltd. ("JHK") is a non-resident Chinese corporation, which has not yet been served.

Jiangsu Jinshi Technology Co., Ltd. is a non-resident Chinese corporation, which has not yet been served.

Jiangsu Jinshi Casting & Forging Co., Ltd. is a non-resident Chinese corporation, which has not yet been served.

Xinjiang JMP Drilling Equipment Co., Ltd. is a non-resident Chinese corporation, which has not yet been served.

Jiangsu Jinshi Fuyuan Machinery Co., Ltd. is a non-resident Chinese corporation, which has not yet been served.

Jiangsu Jinshi Valve Co., Ltd. is a non-resident Chinese corporation, which has not yet been served.

Jinhu Jingyue Machinery Co., Ltd. is a non-resident Chinese corporation, which has not yet been served.

Shanghai JMP Drilling Equipment Co, Ltd. is a non-resident Chinese corporation, which has not yet been served.

Kana Kunshan Petroleum Machinery Co, Ltd. is a non-resident Chinese corporation, which has not yet been served.

## II.     THE STATE COURT ACTION

On August 17, 2017, Kana filed suit against Jiangsu Jinshu Machinery Group Co. Ltd., JMP Petroleum Technologies, Inc., and Helios Oil and Gas Equipment LLC, in the 190th Judicial District Court of Harris County in Harris County, Texas. Kana has sued JMP alleging that it breached their joint venture by shipping defective American Petroleum Institute-6A ("API-6") oilfield equipment and failing to comply with the American Petroleum Institute standards. Kana seeks multiple causes of action, including breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.

On December 14, 2018, Kana filed its Third Amended Petition and Application for Injunctive Relief.  In its third amended petition, Kana added claims against nine new

defendants, including JHK. In that pleading, Kana refers to all defendants other than JMP Petroleum and Helios as the "JMP Group."

Kana has demanded a jury trial in the state-court proceeding.

### III. REMOVAL IS PROPER PURSUANT TO 9 U.S.C. § 205

This Court has jurisdiction under 9 U.S.C. § 205 for removal "[w]here the subject matter of an action or proceeding . . . relates to an arbitration agreement or award falling under the Convention." Removal in § 205 is "substantially broader" than the general removal statute. *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's,* 579 F.3d 442, 451 (5th Cir.2009). Grounds for removal do not need to appear on the face of the complaint but they may be shown in the petition for removal. 9 U.S.C. § 205

**A. The Subject Matter of this Case Relates to an Arbitration Agreement Falling Under the Convention.**

In a separate lawsuit, a Chinese corporation, Jiangsu Jinshi Drilling & Production Company, Ltd., ("JHK") has sued Kana in arbitration in China for dozens of unpaid invoices. The vast majority of these invoices have arbitration agreements which fall under the Convention. 9 U.S.C. §§ 201 et seq. JMP is the majority shareholder of JHK. Kana has stated that the claim JHK filed in arbitration in China "is based on one of the claims in this lawsuit." Kana has also alleged on multiple occasions that "JMP = JHK" and that JMP and JHK are not separate entities.

For an arbitration agreement to fall under the Convention, there must be (1) a written agreement to arbitrate; (2) that calls for arbitration in the territory of a signatory to the Convention; (3) that arises out of a legal commercial relationship; and (4) that is not solely

between United States citizens, or if it is, the agreement contemplates performance abroad or has a reasonable relation to a foreign state. 9 U.S.C. § 202; *Lionheart Project Logistics, Inc. v. BBC Chartering USA, LLC*, 2011 WL 3739065 (S.D. Tex. 2011); *see e.g., Lim v. Offshore Specialty Fabricators, Inc.,* 404 F.3d 898, 903 (5th Cir.2005).

The written arbitration agreement between JHK and Kana states:

> 13. Arbitration. All disputes in connection with this contract or the execution therof shall be settled friendly through negotiations. In case, no settlement can be reached, the case may then be submitted for arbitration to an arbitration commission located in Beijing, China. The Decision of the arbitration commission shall be final and binding upon both parties; neither party shall seek recourse to neither a law court nor other authorities to appeal for revision of the decision. Arbitration fee shall be borne by the losing party.

The exact language in the arbitration clause slightly varies depending on the date of the contract, but the vast majority of the invoices have a similar clause. Additionally, this agreement arises out of an international, legal commercial relationship between Kana—a United States company, and JHK—a Chinese corporation. Both the United States and China are signatories to the Convention. And the agreement calls for arbitration within China.

In addition to the arbitration clause, the contracts between Kana and JHK also have warranty provisions titled, "Quality/quantity discrepancy and claim/Warranty," which covers the API-6A oilfield equipment at issue.

Under Section 205, an action "relates to" an arbitration agreement falling under the Convention, when the arbitration "could *conceivably* affect the outcome of the plaintiff's case," *Beiser v. Weyler,* 284 F.3d 665, 669 (5th Cir. 2002), or when the dispute has some

"connection," "relation," or "reference" to the arbitration clause. *Acosta v. Master Maint. & Constr. Inc.,* 452 F.3d 373, 378–79 (5th Cir. 2006). If the outcome of the arbitration could impact any dispute in this case, then there is a sufficient relationship under Section 205. This is true even if any award or finding made or issued in the arbitration would not have a preclusive effect in this case. *Reid v. Doe Run Resources Corp.*, 701 F.3d 840, 844 (8th Cir. 2012).

Kana has said that it did not order any equipment or goods from JMP. Rather, it alleges that it only ordered equipment and goods from JMP's subsidiary, JHK. Kana's vice-president and corporate representative on certain topics has testified that JHK was Kana's manufacturer and that JHK shipped the products to Kana. Because Kana has alleged JMP breached several express warranty provisions in connection with the API-6A oilfield equipment that Kana purchased from JHK and that JHK manufactured, stamped, and shipped to Kana, this state-court action *relates* to the arbitration agreements between Kana and JHK making removal proper under 9 U.S.C. § 205.

**B.     While Consent is Not Necessary, All Served Defendants Consent to Removal.**

Under 9 U.S.C. § 205 co-defendants without the right to removal do not need to consent to a defendant's petition for removal. *See e.g., Acosta v. Master Maintenance & Constr., Inc.,* 52 F. Supp. 2d 699, 708-09 (M.D. La. 1999), *aff'd*, 452 F.3d 373 (5th Cir. 2006). In any event, all named defendants who have been served consent to removal of this action to this Court.

    **D.**    **Timeliness of Removal.**

This Notice of Removal is timely filed under 9 U.S.C. § 205, because a defendant may "remove such action or proceeding to the district court" at "any time before the trial thereof." *See Dahiya v. Talmidge Int'l, Ltd.,* 371 F.3d 207, 208 (5th Cir. 2004). This removal is timely because trial has not started in this case.

## IV.    PROCEDURAL REQUIREMENTS OF REMOVAL

All conditions and procedures for removal under 9 U.S.C. § 205 have been satisfied. Under LR81 of the Local Rules for the United States District Court, Southern District of Texas, these documents are attached to the original Notice of Removal:

1. All executed process in this case;
2. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings;
3. The docket sheet;
4. All orders signed by the state judge;
5. An index of matters being filed;
6. A list of all counsel of record, including addresses, telephone numbers and parties represented.

A filing fee of $400.00 was tendered to the Clerk of the United States District Court for the Southern District of Texas with the original Notice of Removal. A copy of the original Notice of Removal was filed in the 190th Judicial District Court, Harris County, Texas. All counsel of record have been sent written notice and complete copies of the Notice of Removal.

**WHEREFORE,** Defendants pray that the above action now pending in the 190th Judicial District Court, Harris County, Texas, styled ***Kana Energy Services, Inc. v. Jiangsu Jinshi Machinery Group Co. Ltd., et al.,*** Cause No. 2017-55123 and any pending interlocutory appeal be removed to this Court.

Date: January 18, 2019

Respectfully submitted,

By: */s/ Jesus Garcia, Jr.*
    Jesus Garcia, Jr. (Attorney-in-Charge)
    State Bar No. 24027389
    S.D. Tex. Bar No. 30623
    Email: jgarcia@GHTexasLaw.com

*Of Counsel:*

Eric A. Hawley
State Bar No. 24074375
S.D. Tex. Bar No. 1671591
GARCIA & HAWLEY, PLLC
801 Travis Street, Suite 2175
Houston, Texas 77002
Tel.: 713.333.1030
Fax: 713.333.1029
Email: ehawley@GHTexasLaw.com

AND

Marc S. Tabolsky
Texas Bar No. 24037576
S.D. Tex. Bar No. 37164
SCHIFFER HICKS JOHNSON PLLC
700 Louisiana, Suite 2650
Houston, Texas 77002
Tel: 713.357.5150
Fax: 713.357.5160
Email: mtabolsky@shjlawfirm.com

*Attorneys for Defendants Jiangsu Jinshi
Machinery Group Co. Ltd., JMP
Petroleum Technologies Inc., and
Helios Oil & Gas Equipment LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, a true and correct copy of the above and foregoing was served in accordance with Texas Rules of Civil Procedure 21 and 21a upon the following:

*Via E-Service*:
Eric Cassidy
GREGOR CASSIDY, PLLC
700 Louisiana, Suite 3950
Houston, Texas 77002

                               */s/ Marc S. Tabolsky*
                               Marc S. Tabolsky